UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20249-CR-DLG

UNITED STATES OF AMERICA

vs.

JASON EDWARD DUBOSE,

    **Defendant.**

_____/

## UNITED STATES OF AMERICA'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.    Audio recordings of the defendant are attached hereto.

      2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is also attached.

      3.    No defendant testified before the Grand Jury.

      4.    The NCIC records of the defendant is attached.

      5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 N.E. Fourth Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

          The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

      6.    Attached to this response are lab test results relating to the narcotics in this case. In addition, there is also a report regarding the nature of certain substances at issue in

this case.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to Federal Rule of Evidence 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine).

In regard to this requirement, if this matter were to proceed to trial, the United States would offer the following evidence under Rule 404(b) as evidence of, among otehr things, intent, knowledge, and lack of mistake or accident:

       A.     The defendant's November 3, 2006 conviction of possession of cocaine and drug equipment;

       B.     Statements made by the defendant that he is in the business of selling drugs; and

       C.     Statements made by the defendant that he would kill the confidential

source that worked the case against him.[1]

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

However, attached to this response are certain reports relating to the substances at issue in this case. The government hereby gives notice that the United States may call at trial an expert(s) to testify as to conclusions and findings contained in the attached reports.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

---

[1] By making this disclosure, the United States is not conceding that such evidence falls under Rule 404, but is only disclosing such evidence out of an abundance of caution.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Standing Discovery Order section B and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands Notice of Alibi defense; the approximate times, dates, and places of the offense as alleged in the indictment.

The documentary attachments to this response have been bates stamped 1 - ???; in addition, there are three CDs attached. If there are any problems in obtaining this discovery, please contact the undersigned.

Respectfully submitted,
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

By: s/ Jared E. Dwyer
Jared E. Dwyer
Assistant United States Attorney
Court ID No. A5501240
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9118
Fax: (305) 536-7213

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and sent the foregoing document and attachments, via Federal Express, to the attorneys and parties identified in the service list below on April 23, 2010.

s/ Jared E. Dwyer
Jared E. Dwyer
Assistant United States Attorney

# SERVICE LIST

AFPD Hector A. Dopico
Federal Public Defender's Office
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000
Counsel for Defendant Dubose